540 So.2d 210 (1989)
Lorenzo ANDREWS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2442.
District Court of Appeal of Florida, Fourth District.
March 22, 1989.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
WARNER, Judge.
Appellant's vehicle was stopped by a Florida Highway Patrol Trooper six minutes before sunset on the Florida Turnpike when the trooper observed that the appellant's vehicle lights were on but the tag light was not operational. Subsequent to the stop, probable cause for a search of the vehicle arose. The search resulted in the seizure of cocaine.
Appellant moved to suppress the cocaine claiming that section 316.217, Florida Statutes (1987) did not require the lights to be on prior to sunset. Therefore, he argued that the stop was invalid, and that the cocaine seized as a result of the stop and subsequent search is inadmissible. Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1982). However, appellant overlooks section 316.221(2), Florida Statutes (1987) which provides in part:
Any taillamp or taillamps, together with any separate lamp or lamps for illuminating the rear registration plate, shall be so wired as to be lighted whenever the headlamps or auxiliary driving lamps are lighted. [emphasis supplied]
The statute clearly calls for the tag light to be on whenever the headlights are on, whether that be prior to sunset or after sunset. The language of the statute is clear and without ambiguity; therefore, the statute must be given its plain and obvious meaning. Holly v. Auld, 450 So.2d 217 (Fla. 1984).
The trooper, having observed a violation of the statute, was acting in accordance with the law to stop the appellant. Pursuant to this legal stop, probable cause for a search arose, and the cocaine seized as a result is admissible.
Based upon the evidentiary record, we find no merit in appellant's claim that this was a pretext stop. Therefore, the trial court's denial of appellant's motion to suppress is affirmed.
STONE and POLEN, JJ., concur.