615 So.2d 867 (1993)
STATE of Florida, Appellant,
v.
Ralph KAMINS, Appellee.
No. 92-1785.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Rehearing and Rehearing Denied April 16, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
Stuart L. Stein of Stuart L. Stein, P.A., Santa Fe, NM, for appellee.
Rehearing and Rehearing En Banc Denied April 16, 1993.
PER CURIAM.
The State argues the trial court erred in finding that Kamins' traffic stop was illegal and in suppressing the evidence obtained during the stop. We agree and reverse.
A police officer stopped Kamins' vehicle after Kamins made two left turns without proper turn signals in violation of section 316.155(2), Florida Statutes (1991). During the traffic stop, the police officer observed marijuana, cocaine, and an open beer bottle in plain view. Kamins was arrested, and a subsequent search revealed additional cocaine and large sums of cash.
We do not agree with the trial court that section 316.155(2) must be read in conjunction with section 316.155(1) and that a signal of intention to turn right or left need only be given in the event another vehicle may be affected by the movement. The specific language and requirements of subsection (2) controls over the general provision *868 of subsection (1). Adams v. Culver, 111 So.2d 665 (Fla. 1959).
Because the police officer observed a violation of section 316.155(2), the police officer acted in accordance with the law and made a valid stop. Andrews v. State, 540 So.2d 210 (Fla. 4th DCA 1989). The evidence was in plain view and, therefore, is admissible. Likewise, the evidence found during the subsequent search is admissible since the police officer had probable cause for a search. Id. Accordingly, the trial court's order granting Kamins' motion to suppress is reversed.
REVERSED AND REMANDED.
DELL, GUNTHER and FARMER, JJ., concur.