COBB, Judge.
The state appeals an order of suppression based upon the trial court’s finding that the defendant was improperly stopped for failure to use a turn signal. The trial court found that no other vehicle was affected by the turn, therefore no offense occurred based upon the provisions of section 316.155, Florida Statutes (1991), which provides:
(1) No person may turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner hereinafter provided, in the event any other vehicle may be affected by the movement.
(2) A signal of intention to turn right or left must be given continuously during not less than the last 100 feet traveled by the vehicle before turning, except that such a signal by hand or arm need not be given continuously by a bicyclist if the hand is needed in the control or operation of the bicycle.
The state, relying on State v. Kamins, 615 So.2d 867 (Fla. 4th DCA 1993), argues that the “specific” language of subsection (2) above prevails over the “general” language of subsection (1), thereby negating the reference to the effect of a turn on any other vehicle.
We agree with the trial court and disagree with Kamins. Subsections (1) and (2) of section 316.155, Florida Statutes, should be read in pari materia. Subsection (2) is not in conflict with subsection (1), but merely defines the distance prior to an intended turn that a signal is required — in the event one is required at all by the effect of that turn on another vehicle.
Accordingly, we affirm, and cite conflict with State v. Kamins, 615 So.2d 867 (Fla. 4th DCA 1993).
AFFIRMED.
HARRIS, C.J., and DAUKSCH, J., concur and concur specially with opinions.