638 So.2d 507 (1994)
STATE of Florida, Petitioner,
v.
Todd RILEY, Respondent.
No. 82702.
Supreme Court of Florida.
June 9, 1994.
Robert A. Butterworth, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
HARDING, Justice.
We have for review State v. Riley, 625 So.2d 1261 (Fla. 5th DCA 1993), based upon express and direct conflict with State v. Kamins, 615 So.2d 867 (Fla. 4th DCA), review denied, 626 So.2d 206 (Fla. 1993). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
Todd Riley was a passenger in a vehicle that was stopped for failure to use a turn signal when making a right-hand turn onto U.S. 1 in Cocoa, Florida. Following this stop, the police arrested Riley for possession of marijuana. Riley filed a motion to suppress the evidence, arguing that the evidence was illegally obtained because the stop was illegal. The trial court granted the motion to suppress, agreeing that the stop was illegal because no other vehicle was affected by the turn.
On appeal, the Fifth District Court of Appeal affirmed the trial court's suppression order, finding that because no other vehicle was affected by the turn, no offense occurred based upon section 316.155, Florida Statutes (1991).[1] The district court also cited conflict with Kamins as to the interpretation of section 316.155.
*508 Kamins involved circumstances very similar to those presented in the instant case. A motorist was stopped for failure to make turn signals and subsequently arrested for possession of control substances. The trial court granted the motorist's motion to suppress the evidence obtained during the stop, based upon a determination that the stop was illegal. The trial court ruled that under section 316.155 a turn signal need only be given in the event another vehicle is affected by the movement. On appeal, the Fourth District Court of Appeal reversed the order granting the motion to suppress. Relying upon Adams v. Culver, 111 So.2d 665 (Fla. 1959), the district court determined that the "specific language and requirements of subsection (2) controls [sic] over the general provisions of subsection (1)." Kamins, 615 So.2d at 867-68. Based upon this statutory interpretation, the district court determined that the motorist violated subsection (2) by failure to signal before turning and that the officer thus made a valid stop. Id. at 868.
Contrary to Kamins, we find the rule of statutory construction announced in Adams to be inapplicable in interpreting section 316.155. Adams involved two separate statutes, one a general statute prohibiting lewd or lascivious acts in the presence of a child and a second statute that addressed the defendant's specific conduct of exhibiting a pornographic picture in the presence of a child. In response to the defendant's petition for a writ of habeas corpus, this Court determined that the specific statute controlled over the more general. Adams, 111 So.2d at 667.
In contrast, both Kamins and Riley involved the interpretation of two subsections of the same statute. We agree with the Fifth District Court's determination that subsections (1) and (2) must be read in pari materia and that the subsections are not in conflict. Riley, 625 So.2d at 1261.
Section 316.155(1) directs that a person may not turn a vehicle from a direct course upon a highway unless and until the turn can be made with reasonable safety. The statute further provides that the turn may only be completed "after giving an appropriate signal in the manner hereinafter provided, in the event any other vehicle may be affected by the movement." § 316.155(1), Fla. Stat. (1991) (emphasis added). Thus, the plain language of the statute only requires a signal if another vehicle would be affected by the turn. Subsection (2), which provides that the "signal of intention to turn right or left must be given continuously during not less than the last 100 feet traveled by the vehicle before turning," simply defines the distance that a signal is required prior to an intended turn in the event that a signal is required under subsection (1).
If no other vehicle is affected by a turn from the highway, then a signal is not required by the statute. If a signal is not required, then a traffic stop predicated on failure to use a turn signal is illegal and any evidence obtained as a result of that stop must be suppressed.
The record in the instant case supports the trial court's decision to suppress the evidence. The driver of the vehicle was not cited for an unsafe or improper turn, but was simply given a warning for failure to use a turn signal. The two officers that stopped the vehicle testified that no other vehicle was affected by the driver's right-hand turn onto the highway. Under these circumstances, the driver did not violate section 316.155 and should not have been stopped by the officers. Thus, the evidence obtained as a result of the improper stop was properly suppressed.
Accordingly, we approve the decision below and disapprove the opinion in Kamins to the extent that it is inconsistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW and KOGAN, JJ., concur.
McDONALD, Senior Justice, concurs in result only with an opinion.
McDONALD, Senior Justice, concurring in result only.
I believe the interpretation of section 316.155 by the Fourth District Court of Appeal in State v. Kamins, 615 So.2d 867 (Fla. 4th DCA), review denied, 626 So.2d 206 (Fla. 1993), is correct. It is obvious, however, that *509 the stop in this case was pretextual and the trial judge was therefore correct in suppressing the evidence obtained as a result of the stop. I therefore concur in result only.
NOTES
[1] Section 316.155, Florida Statutes (1991), which specifies when a signal is required by the operator of a vehicle on Florida's highways, provides in pertinent part:

(1) No person may turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner hereinafter provided, in the event that any other vehicle may be affected by the movement.
(2) A signal of intention to turn right or left must be given continuously during not less than the last 100 feet traveled by the vehicle before turning, except that such a signal by hand or arm need not be given continuously by a bicyclist if the hand is needed in the control or operation of the bicycle.