KLEIN, Judge.
In State v. Riley, 638 So.2d 507 (Fla. 1994), the Florida Supreme Court resolved conflict and disapproved a decision of this court holding that appellant Kamins was legally stopped by an officer when drugs were found in his car. State v. Kamins, 615 So.2d 867 (Fla. 4th DCA 1993), rev. denied, 626 So.2d 206 (Fla.1993). The issue presented here is whether Riley should be applied retroactively to Kamins, pursuant to his motion for post-conviction relief. We conclude that Riley is not retroactive on collateral review.
Kamins was stopped by a police officer because he made two left turns without using a turn signal, which allegedly violated section 316.155(2), Florida Statutes (1991). During the stop the officer observed marijuana and cocaine in plain view, and Kamins was arrested and charged with possession of cocaine. He successfully moved to suppress on the ground that the stop was illegal because our statutes do not require a motorist to give a turn signal except where another vehicle may be affected by the movement of the turning vehicle.
The state appealed, and we reversed, concluding that a ton signal had to be given even if it would have no affect on another vehicle. Kamins, 615 So.2d 867. Subsequently the fifth district certified conflict with this court's decision in Kamins, in State v. Riley, 625 So.2d 1261 (Fla. 5th DCA 1993), and the Florida Supreme Court approved Riley, and disapproved Kamins. Riley, 638 So.2d 507.
In the meantime, however, after the supreme court denied review of his ease, Ka-mins pled guilty and received a five year sentence. After the supreme court’s decision in Riley, he filed a motion to vacate his guilty plea which the trial court treated as a 3.850 motion. Kamins argued that but for the erroneous decision of this court he would not have pled guilty. The trial court concluded that Riley was retroactive and vacated the conviction, from which the state has appealed.
Whether a change in the law is to be retroactively applied to provide post-conviction relief depends on whether the change satisfies the three-prong test set forth in Witt v. State, 387 So.2d 922 (Fla.1980), cert. denied, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). Under Witt a new rule will not be retroactive unless it (1) originates in the United States Supreme Court or the Florida Supreme Court; (2) is constitutional in nature; and (3) has fundamental significance. Witt, 387 So.2d at 929, 930.
Although Riley passes the first-prong, it does not pass the second, which requires the change to be constitutional in nature. The change in law here was merely the resolution of conflicting opinions on whether a driver must give a turn signal in the absence of other motorists. There is nothing constitutional about that decision.
Kamins of course argues that the search violated the Fourth Amendment; however, in Witt our supreme court adopted a decision of the United States Supreme Court, Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), for determining retroac-tivity on collateral review of convictions.[1] Linkletter involved the issue of whether Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), would be retroactively applied on collateral review of convictions, and the Court held that it would not. If a *237 decision as significant as Mapp, which involved the issue of whether the Fourth Amendment exclusionary rule applied to the states, was not the type of constitutional change which would be retroactive on collateral review, then clearly Riley would not be retroactive.
We therefore reverse.
GLICKSTEIN and GROSS, JJ., concur.

. The United States Supreme Court no longer uses the Linkletter test for determining retroactivity on collateral review, but rather has adopted a more stringent test. Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Florida, however, continues to follow Linkletter. State v. Callaway, 658 So.2d 983 (Fla.1995).