QUINCE, Judge.
The state seeks reversal of an order of the trial court granting Harold Everett’s motion to suppress evidence obtained after a traffic stop. We reverse because the stop was not pretextual; a reasonable officer would have stopped the vehicle absent an additional invalid purpose.
A police officer observed Everett’s vehicle abruptly turn right without signalling. The officer was travelling behind Everett’s vehicle, and he stopped Everett based on his observations. When the officer asked Everett for his license, he provided the officer with his name because he did not have his license with him. The officer ran a check and discovered an active warrant for Everett’s arrest. He also discovered Everett’s license had been suspended for ten years. Everett was placed under arrest. Marijuana was found on him during a pat-down search incident to the arrest. The officer later discovered the vehicle Everett was driving had been reported stolen sometime after the traffic stop. Everett was charged with grand theft, driving while license suspended, and possession of cannabis. No citation was issued for the traffic violation.
Everett filed a motion to suppress evidence alleging the stop was pretextual. After a hearing, the court granted the motion finding the stop was pretextual pursuant to Kehoe v. State, 521 So.2d 1094 (Fla.1988).
In order to demonstrate a traffic stop is not pretextual, the state must show that under the facts and the circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose. Kehoe. Moreover, the Florida Supreme Court recently opined that once the state establishes that a traffic stop was legally authorized, then any legitimate doubt whether the state has met its burden that the stop was not pretextual should be resolved in *162 favor of the state. State v. Daniel, 665 So.2d 1040 (Fla.1995). In this instance, the state presented unrefuted testimony indicating Everett made a right hand turn without sig-nalling. Everett’s action was a violation of section 316.155, Florida Statutes (1993). Consistent with Daniel, Everett’s action gave the officer the right to initiate a traffic stop.
After the valid stop, the officer’s check of the Everett’s identity was permissible. State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993). The check led to the discovery that there was an active warrant for Everett’s arrest. Everett was arrested based on this information. The subsequent search was incident to a lawful arrest, and the evidence seized should not have been suppressed. The subsequent discovery that Everett’s vehicle was stolen is also admissible.
We find the state met its burden by showing the stop was authorized because Everett violated section 316.155, Florida Statutes (1993). Therefore, the trial court erred in granting the motion to suppress. The order granting the motion is reversed, and this cause is remanded for proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.