706 So.2d 350 (1998)
STATE of Florida, Appellant,
v.
Kinsey Lee MAE, Appellee.
No. 97-00086.
District Court of Appeal of Florida, Second District.
January 23, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Acting Chief Judge.
The State appeals the trial court's order granting Kinsey Lee Mae's motion to suppress *351 evidence.[1] We affirm this pretrial order because the State failed to preserve for appeal the issue presented in its brief, as required by section 924.051(3), Florida Statutes (Supp.1996).
On September 28, 1995, two men robbed a woman in the parking lot of a grocery store in south Sarasota at 6:30 p.m. A Sarasota police officer responded to the robbery call and obtained a description of the perpetrators from the victim and a wit ness to the incident. The victim described her face-to-face attacker as a young African-American man with a thin build. He was wearing a black baseball hat, a black and red basketball jersey, and black and red basketball shorts. She was unable to describe the other perpetrator because he attacked her from behind. A witness described the other man running from the scene as a young African-American man with black hair, wearing black shorts, a white T-shirt, and tennis shoes. The suspects left the parking lot on foot.
The officer who had talked to the victim and the witness drove immediately to the northwest section of Sarasota to search for the suspects, apparently because that neighborhood is predominantly African-American. At 7:15 p.m., approximately 45 minutes after the robbery, he saw a vehicle containing two young African-American males. The vehicle's windows were heavily tinted and only the window on the passenger's side was open. The officer followed the vehicle, and when the driver turned right without using a turn signal, he pulled the vehicle over.
As a result of this stop, the passenger in the car eventually admitted his involvement in the robbery and also implicated Mr. Mae. The State charged both men with the robbery. Mr. Mae filed a motion to suppress challenging the legality of the stop, as compared to the legality of any subsequent search or seizure. His motion sought to suppress statements that he made, as well as statements made by the codefendant. The trial court ruled that the officer did not have reasonable suspicion to stop this vehicle based on the robbery, and granted the motion. In the trial court, the State did not argue that the stop was a valid traffic stop or that Mr. Mae had no stand ing to suppress the statements of his codefendant.
We affirm the trial court's decision that the officer did not have reasonable suspicion to stop this car based on the robbery. The only plausible connection be tween the men stopped and the robbery is the officer's observation that one man was wearing a white T-shirt and the other a black and red basketball jersey. The fact that two African-American men would be driving together in this neighborhood is certainly not suspicious. A white T-shirt is an extremely common item of clothing. At the time of this stop, Michael Jordan of the Chicago Bulls was one of the most popular basketball players in the country and his black and red jerseys were prized by basketball fans in all neighborhoods. Given the time that had elapsed since the robbery, along with the distance from the scene of the crime, the items of apparel on the two men in the car pulled over by the officer could not justify a Terry[2] stop for a robbery that was committed by two men who left on foot.
On appeal, the State argues that Mr. Mae has no standing to seek suppression of the statements made by his codefendant as a result of this stop. No such argument was ever presented to the trial court. The State also argues that the stop was a valid traffic stop under the guidelines in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). During his direct testimony at the suppression hearing, the arresting officer never suggested that he stopped this vehicle for an improper turn. He testified that he advised his department over the radio that he was "going to make a traffic stop which I believed to be in reference to the strong-arm robbery." On cross-examination, he was questioned about a reference to a right-hand turn in the arrest report. The officer testified that the car made a right-hand turn and "there were other vehicles who were affected on the roadway." In answer to a follow-up question, he admitted: "I really was concentrated on him, I didn't pay attention to the other traffic. I didn't see *352 him run anyone off the road." No traffic citation was issued in this case.
Although the State could have relied on this weak evidence to argue that the stop was a valid traffic stop for violation of section 316.155, Florida Statutes (1995), it chose not to make that argument in the trial court. See State v. Everett, 671 So.2d 161 (Fla. 2d DCA 1996) (traffic stop of defendant was legally authorized and not pretextual where officer observed defendant make a right-hand turn without signaling in violation of section 316.155); cf. State v. Riley, 638 So.2d 507 (Fla.1994) (if no other vehicle is affected by a turn from the highway, then a signal is not required by section 316.155). From our record, it is impossible to tell whether this was an unintentional omission on the part of the assistant state attorney or merely a tactical decision that the evidence concerning the traffic stop was too weak to argue in good faith.
This appeal is governed by the Criminal Appeal Reform Act. See ch. 96-248, Laws of Fla. Under the provisions of that act, an appeal may not be taken from an order "unless a prejudicial error is alleged and is properly preserved, or if not properly preserved, would constitute fundamental error." § 924.051(3), Fla. Stat. (Supp.1996). Fundamental error is not an issue in this case.
To be "preserved," "an issue, legal argument, or objection to evidence" must be "timely raised before, and ruled on by, the trial court." The issue or argument must be "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor." § 924.051(1)(b), Fla. Stat. (Supp.1996). In this case, the State did not raise either the issue of standing or the Whren issue before the trial court. Its argument was not sufficiently precise to fairly apprise the trial court of either of these issues. Accordingly, this court cannot reverse the order on appeal.
Affirmed.
WHATLEY and NORTHCUTT, JJ., concur.
NOTES
[1] The case against Mr. Mae has not been dismissed. This is a pretrial appeal pursuant to Florida Rule of Criminal Procedure 9.140(c)(1)(B).
[2] See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).