710 So.2d 1041 (1998)
Garnet CROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-03338.
District Court of Appeal of Florida, Second District.
May 27, 1998.
*1042 Carl H. Lida of Law Offices of Carl H. Lida, P.A., Plantation, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport and Johnny T. Salgado, Assistant Attorneys General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Garnet Crooks appeals his conviction and order of probation for possession of marijuana following the denial of his dispositive motion to suppress. The marijuana was found during an allegedly consensual search of Mr. Crooks' car, following a traffic stop for violation of section 316.089(1), Florida Statutes (1995). We reverse because the arresting deputy sheriff had no objective basis to stop this vehicle. See Holland v. State, 696 So.2d 757 (Fla.1997).
On January 21, 1997, at approximately 2:30 p.m., Mr. Crooks was driving a 1993 Jeep Cherokee northbound on 1-75 in Collier County. On that afternoon, Deputy Clifford Deutsch and Trooper John Wilcox had decided to patrol the interstate in their marked cars as a two-car team. For some reason, they decided to follow Mr. Crooks' vehicle. It may be coincidental, but Mr. Crooks happens to be a 46-year-old United States citizen of Jamaican heritage who apparently wears his hair in a Rastafarian style.
As the officers followed Mr. Crooks, the trooper, traveling in the left lane, pulled up alongside Mr. Crooks' Jeep in the right lane, while the deputy followed behind Mr. Crooks at a safe distance. The deputy observed Mr. Crooks drive his car over the right-hand line on the edge of the right lane of northbound traffic. This movement was away from the trooper's car, and the trooper did not claim that this movement endangered him in any way. No testimony suggests that Mr. Crooks moved any great distance over the line into the emergency lane. The two officers continued to follow Mr. Crooks for a distance, and observed that he drifted over the right-hand line on two more occasions. No evidence was presented describing how far he drove over the line on these occasions, but it is clear that no other cars or pedestrians were near him on either occasion. Deputy Deutsch did not think that Mr. Crooks was intoxicated or otherwise impaired.
Based on these actions, Deputy Deutsch stopped Mr. Crooks for violation of section 316.089(1). Deputy Deutsch, who happens to patrol with a drug-trained canine in his car, asked Mr. Crooks if he would consent to a search; and he consented.[1] The search located a small quantity of marijuana.
Section 316.089 provides in pertinent part:
Whenever any roadway has been divided into two or more clearly marked lanes for *1043 traffic, the following rules, in addition to all others, consistent herewith, shall apply:
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
Because the record does not establish how far into the right-hand emergency lane Mr. Crooks drove on any of the three occasions, there is no basis to state that he was outside the "practicable" lane. Even if he was briefly outside this margin of error, there is no objective evidence suggesting that Mr. Crooks failed to ascertain that his movements could be made with safety. Section 316.089 is similar to section 316.155, Florida Statutes (1995), governing the use of turn signals, in that a violation does not occur in isolation, but requires evidence that the driver's conduct created a reasonable safety concern. See State v. Riley, 638 So.2d 507 (Fla. 1994). No such evidence exists in this case.
Accordingly, the motion to suppress should have been granted. We reverse the conviction and order of probation, and direct that the information be dismissed.
Reversed and remanded.
FULMER, J., and RAMSBERGER, PETER, Associate Judge, concur.
NOTES
[1] Deputy Deutsch testified at the suppression hearing that he asks the driver of every car that he stops whether a search may be conducted. He does not, however, carry consent-to-search forms. If this deputy is routinely stopping elderly drivers and out-of-state tourists for minor traffic offenses and then requesting the right to search their cars with his dog, there is a larger issue than the one addressed by this opinion.