831 So.2d 1241 (2002)
Shamous JORDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1505.
District Court of Appeal of Florida, Fifth District.
December 13, 2002.
James B. Gibson, Public Defender, and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
*1242 Richard E. Doran, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
Shamous Jordan, who pled guilty to possession of cocaine, appeals the denial of his motion to suppress the incriminating evidence.[1] The sole issue presented is whether the traffic stop of Jordan's vehicle for failure to maintain a single lane was lawful.
Jordan's argument on appeal is that failure to maintain a single lane does not create strict liability; movement from a single lane is permitted when the driver ascertains that the movement can be made safely. In the absence of any testimony that his driving created a safety concern or any suspicion that he was impaired, Jordan contends that the stop of his vehicle was unlawful and the subsequent consent to search was invalid pursuant to Crooks v. State, 710 So.2d 1041 (Fla. 2nd DCA 1998), and the applicable statute.[2]
Jordan asserts that Crooks is directly on point and controls in this case. In Crooks, the defendant moved to suppress physical evidence recovered after he was pulled over for failure to maintain a single lane. The court held that even though the deputy had observed the vehicle drive over the line on the edge on the right lane of traffic on three occasions, the stop was invalid when there was no danger created by the movements and there was no suspicion that the defendant was intoxicated or impaired. The Second District reversed the trial court's denial of Crooks' motion to suppress because the arresting deputy had no objective basis for the stop. The court stated:
Because the record does not establish how far into the right-hand emergency lane Mr. Crooks drove on any of the three occasions, there is no basis to state that he was outside his "practicable" lane. Even if he was briefly outside this margin of error, there is no objective evidence suggesting that Mr. Crooks failed to ascertain that his movements could be made with safety. Section 316.089 is similar to section 316.155, Florida Statutes (1995), governing the use of turn signals, in that a violation cannot occur in isolation but requires evidence that the driving pattern created a reasonable safety concern. See State v. Riley, 638 So.2d 507 (Fla.1994). No such evidence exists in this case.
710 So.2d at 1043.
In response, the State argues that in the instant case, unlike Crooks, the officer testified that not only had the driver crossed the traffic line demarcating lanes, but also that he swerved back into his own lane for no apparent reason. The State relies on Holland v. State, 696 So.2d 757 (Fla.1997), which recognized and applied the objective test enunciated in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), thereby receding from the earlier opinion in State v. Daniel, 665 So.2d 1040, 1046 (Fla.1995). Justice Harding's majority opinion in Holland stated:
In determining whether the suppression order in the instant case should be reversed, we are constrained to review the *1243 record under the objective test of Whren. When applying the objective test, generally the only determination to be made is whether probable cause existed for the stop in question. In the present case, the officers stopped the vehicle in which Holland was a passenger because the vehicle failed to stop at a stop sign, a direct violation of Florida's traffic law. Under similar facts in Whren, the Supreme Court concluded that a violation of traffic law provided sufficient probable cause to make the subsequent search and seizure reasonable. 517 U.S. at 808-16, 116 S.Ct. at 1772-75.
696 So.2d at 759.
As was the situation in Holland, we are not concerned here with the legality of the actual vehicle search, which was consensual. Moreover, as pointed out by the majority opinion of Justice Harding in Holland, the purpose of establishing the objective test in Whren was to remove subjective viewpoints as an analytical factor in determining the legality of an automobile stop.
In the instant case, we must agree with Jordan that the record is insufficient to establish that his vehicular movements, as testified to by the arresting officer, created any danger to himself or other traffic. Indeed, the testimony of the officer clearly established that other vehicles, including his own, were not in danger by Jordan's driving. There was no testimony indicating that Jordan was intoxicated or otherwise impaired, nor was any erratic driving pattern established.
The applicable statute in this case recognizes that it is not practicable, perhaps not even possible, for a motorist to maintain a single lane at all times and that the crucial concern is safety rather than precision. We believe that the arresting officer's testimony at the suppression hearing failed to establish probable cause to reasonably believe that Jordan had committed any traffic infraction justifying the stop of his vehicle, even under the objective test of Whren.
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.
NOTES
[1] The right to appeal the dispositive motion to suppress was reserved.
[2] Section 316.089(1), Florida Statutes provides:

"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:
(1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.