877 So.2d 25 (2004)
Alejandro YANES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2479.
District Court of Appeal of Florida, Fifth District.
May 28, 2004.
Rehearing Denied July 23, 2004.
*26 James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
TORPY, J.
After his Motion to Suppress was denied, Appellant pled guilty to trafficking in the cocaine found in his vehicle. He contends that a deputy sheriff improperly stopped his vehicle, improperly detained him after the stop, and that the ensuing search of his vehicle was tainted by the improper stop and detention. We disagree and affirm.
The deputy sheriff, while patrolling the Florida Turnpike, observed Appellant cross the "fog line"[1] on three occasions within a mile. Each time, the vehicle crossed the line by approximately one-half of its width. Believing that the operator might be impaired, sick or tired, the deputy stopped Appellant's vehicle. He observed that Appellant had the odor of alcohol on his breath and appeared nervous. Thereafter, the deputy summoned a drug-sniffing dog. The dog detected that drugs were in the vehicle. A subsequent search of the vehicle revealed cocaine.
Appellant challenges both the initial stop and his subsequent detention. He alleges that the initial stop was improper because crossing the fog line three times, without endangering anyone, neither violates the single lane statute nor otherwise provides reasonable suspicion to justify a police stop. Appellant further contends that, after the initial stop, the deputy delayed the detention for an unreasonable length of time to give the drug-sniffing dog time to arrive and sniff Appellant's car.
In support of his first contention, Appellant relies on Jordan v. State, 831 So.2d 1241 (Fla. 5th DCA 2002), and Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998). However, Jordan and Crooks are distinguished. The relevant statute relating to the operation of a vehicle within a lane states in pertinent part as follows:
A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
§ 316.089(1), Fla. Stat. (2002) (emphasis supplied). Unlike Jordan and Crooks, here there was evidence that Appellant deviated from his lane by more than what *27 was practicable. To do so is a violation of the statute, irrespective of whether anyone is endangered. Furthermore, unlike Jordan and Crooks, here evidence was adduced that Appellant's abnormal driving caused the deputy to suspect that Appellant was impaired or otherwise unfit to drive. We think his suspicion was well-founded, thereby justifying the stop, even in the absence of a traffic violation. See Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987) (weaving within lane and driving slower than posted speed justified stop based on reasonable suspicion of impairment, unfitness or vehicle defects, even absent a traffic violation); State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987) (weaving within lane five times within one-quarter mile sufficient to establish reasonable suspicion of impairment); Roberts v. State, 732 So.2d 1127 (Fla. 4th DCA 1999) (weaving several times sufficient to justify stop); State v. Davidson, 744 So.2d 1180 (Fla. 2d DCA 1999) (evidence of abnormal driving, albeit not amounting to a traffic violation, justified stop based on reasonable suspicion of impairment); State v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992) (using lane as "marker" to position vehicle and slowing to 30 miles per hour sufficient to justify stop based on suspicion of impairment or defects in vehicle).
As to Appellant's second point, we conclude that Appellant has failed to demonstrate that the trial judge abused his discretion in determining that the stop was not extended for an unreasonable length of time. See Maxwell v. State, 785 So.2d 1277 (Fla. 5th DCA 2001).
AFFIRMED.
THOMPSON and ORFINGER, JJ., concur.
NOTES
[1] The white line on the right-hand side of the road.