VILLANTI, Judge.
S.A.S. challenges a withhold of adjudication of delinquency for possession of marijuana and possession of drug paraphernalia entered following his no contest plea that reserved the right to appeal his dis-positive motion to suppress. On the authority of State v. Riley, 638 So.2d 507 (Fla.1994), we reverse.
S.A.S. was driving a car that was the third vehicle stopped at a T-intersection. At the intersection, the street on which S.A.S. was traveling split into two lanes. The right lane was clearly designated as a right-turn-only lane by white markings painted on the street. The left lane had no markings. Because the intersection formed a T, there was no possibility for a driver in either lane to go straight, and there was no possibility of oncoming traffic. S.A.S. was in the left lane, waiting for the red light to turn green, and a police officer was directly behind him. When the light turned green, S.A.S. proceeded through the intersection and turned left. S.A.S. drove a few hundred feet, then made a right turn (using his turn signal), and the officer stopped him for failure to signal at the light at the T-intersection. During this stop, the officer seized a small container of marijuana and a marijuana pipe that were the subject of the motion to suppress. S.A.S. was charged with possession of marijuana and possession of drug paraphernalia. Notably, the officer did not issue a traffic citation.
Section 316.155, Florida Statutes (2003), delineates the requirements for using a turn signal:
(1) No person may turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety, and then only after giving an appropriate signal in the manner hereinafter provided, in the event any other vehicle may be affected by the movement.
(2) A signal of intention to turn right or left must be given continuously during not less than the last 100 feet traveled by the vehicle before turning, except that such a signal by hand or arm need not be given continuously by a bicyclist if the hand is needed in the control or operation of the bicycle.
Failure to signal as required by section 316.155 is a moving violation, thus giving an officer probable cause to stop a vehicle that does not signal appropriately.
The Florida Supreme Court has interpreted section 316.155 to require a signal only when another vehicle will be affected *1169 by the turn. Riley, 638 So.2d at 508. In Riley, a vehicle was stopped after it made a right turn onto the highway without signaling. The officers effectuating the stop both testified that no other vehicle was affected by the turn. Because no other vehicle was affected, the trial court determined the stop was illegal and suppressed the evidence obtained during the stop. The Fifth District affirmed, and the Florida Supreme Court agreed with the Fifth District’s reasoning, explaining that subsections (1) and (2) of section 316.155 must be read in pari materia to require a signal only when another vehicle “is affected by a turn from the highway.” Id. (emphasis added); accord State v. Mae, 706 So.2d 350 (Fla. 2d DCA 1998); Frierson v. State, 851 So.2d 293 (Fla. 4th DCA 2003); see also Crooks v. State, 710 So.2d 1041, 1043 (Fla. 2d DCA 1998) (comparing section 316.155 with the statute requiring vehicles to stay within their proper lanes and interpreting both as requiring “evidence that the driver’s conduct created a reasonable safety concern” before a vehicle may be stopped).
In S.A.S.’s case, there was no evidence that any vehicle was in fact affected by the vehicle’s turn. S.A.S. was third in a line of vehicles in the left lane waiting for the light to turn green. There was no oncoming traffic, and there was no possibility of oncoming traffic because the intersection formed a T. Indeed, the trial court’s findings acknowledged the only way a vehicle in S.A.S.’s position could have affected nearby traffic would be through “an awkward [maneuver],” in which a vehicle in the left lane would be “about to turn right ... into a lane where [a driver in the right turning lane was] trying to turn or pretty close.” Under those particular circumstances, the trial court stated the driver in the right turning lane would want to know the intent of the driver in the left lane. On the other hand, “it would not be of significance to [a driver in the right turning lane] if they [the driver in the left lane] were taking a left and their signal clearly indicated it.” Although we find the trial court’s hypothetical fact pattern interesting, we do not think section 315.155 requires automobile operators to contemplate all hypothetical situations that would warrant using a turn signal in that brief moment before the decision to use the signal is made. Instead, there must actually be other vehicles affected by the turn. Language from Crooks and Frierson interpreting Riley supports this conclusion. Crooks, 710 So.2d at 1043 (interpreting section 316.155 as requiring “evidence that the driver’s conduct created a reasonable safety concern” before a vehicle may be stopped); Frierson, 851 So.2d at 296 (recognizing Crooks ’ interpretation of Riley to this effect).
Because there was no evidence that another driver was actually affected by S.A.S.’s left turn, the officer lacked probable cause to stop S.A.S. and therefore the stop was illegal. Accordingly, we reverse the denial of the dispositive motion to suppress and remand with directions that the order withholding adjudication be vacated.
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ„ Concur.