933 So.2d 665 (2006)
Timothy R. WILLIAMSON, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 1D05-6061.
District Court of Appeal of Florida, First District.
July 13, 2006.
*666 David M. Robbins and Susan Z. Cohen of Epstein & Robbins, Jacksonville, for Petitioner.
Judson M. Chapman, General Counsel, and Michael J. Alderman, Assistant General Counsel, Tallahassee, for Respondent.
PER CURIAM.
Timothy R. Williamson seeks certiorari review of a circuit court order denying his petition for writ of certiorari challenging the decision of the Department of Highway Safety and Motor Vehicles which approved the suspension of his driver's license for refusing to take a breath test. He contends that his arrest for driving under the influence of alcohol (DUI) was unlawful, because there was no probable cause to stop him for failing to maintain a single lane as required by section 316.089(1), Florida Statutes (2005). We deny the petition.
On July 18, 2005, Officer Darren Crews of the Jacksonville Sheriff's Department was driving behind Williamson's mini-van in the center lane of a three-lane highway when Williamson caused the van to cross over the left lane line and then the right, and nearly collide with another vehicle. Crews pulled Williamson over for failing to remain driving in one lane in violation of section 316.089(1), which provides: "A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Upon observing that Williamson's speech was slurred and that he smelled strongly of alcohol, Officer Crews called for back-up, and one of the officers who came to the scene investigated and arrested Williamson for DUI. Williamson's driver's license was suspended when he refused the officer's request to take a breath test.
At a hearing conducted pursuant to section 322.2615, Florida Statutes (2005), the department made the requisite findings and concluded that the evidence supported the suspension. See Dep't of Highway Safety & Motor Vehicles v. Currier, 824 So.2d 966, 968 (Fla. 1st DCA 2002). Williamson filed a petition for writ of certiorari in circuit court, claiming the initial stop was unlawful, because the violation for which he was stopped requires proof that other traffic was affected by Williamson's lane changes, and there was no evidence below that the driver in the adjoining lane took evasive action or was even aware that Williamson had almost struck his or her vehicle. The circuit court denied the petition, citing Eversole v. Department of Highway Safety & Motor Vehicles, 12 Fla. L. Weekly Supp. 932 (Fla. 13th Cir.Ct. July 8, 2005).
This court reviews the proceedings below to determine whether the circuit court provided procedural due process and applied the correct law. See Currier, 824 So.2d at 968. Williamson contends the lower court's citation of Eversole reveals that the court incorrectly applied the law, because the officer's observation in Eversole that the driver was "drifting from side to side crossing the lane markers" provided a founded suspicion of DUI to justify a stop, whereas Williamson was not pulled *667 over for DUI but only for failure to maintain the vehicle's operation in a single lane.
We see no advantage in attempting to discern the lower court's reason for citing Eversole, and instead deny the petition because the evidence supported the stop for a violation of section 316.089(1), and thus the circuit court properly denied Williamson's petition for writ of certiorari.
Williamson's claim that the evidence must disclose that the imperiled operator took evasive action or was aware of his or her danger finds no support in section 316.089(1) or pertinent case law. In the cases Williamson relies upon, Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998), and Jordan v. State, 831 So.2d 1241 (Fla. 5th DCA 2002), the courts held that while the drivers had veered into adjacent lanes, the evidence showed such acts had not placed any other vehicles in danger; hence, no violations occurred. In contrast, the record at bar clearly establishes that Williamson put the vehicle in the right lane in danger, whether or not the driver knew it.
In the circuit court cases Williamson relies on in his petition, in which the courts reiterate that another vehicle must be "affected" by the defendants' lane changing or "take evasive action" in order for there to be a violation of section 316.089(1), the courts were adhering to the language therein permitting lane changes if "the driver has first ascertained that such movement can be made with safety." Because the evidence in those cases showed that the defendants who were changing lanes or crossing over lane lines did not endanger other vehicles, the state failed to establish that the drivers had not first determined they could safely make such movements,[1] unlike the facts at bar.
The petition for writ of certiorari is DENIED.
ERVIN, BENTON, and BROWNING, JJ., concur.
NOTES
[1] See, e.g., State v. Garman, 7 Fla. L. Weekly Supp. 45b (Fla. 7th Cir.Ct. Sept. 3, 1999); State v. Wainberg, 4 Fla. L. Weekly Supp. 660a (Fla. 11th Cir.Ct. Jan. 24, 1997); State v. Myer, 2 Fla. L. Weekly Supp. 484a (Fla. 17th Cir.Ct. Sept. 29, 1994).