ALTENBERND, Judge,
Concurring.
I fully concur in the denial of this petition for certiorari review. I write to explain that the petitioner’s reliance on Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998), is misplaced. A headnote to that opinion overstates and oversimplifies the holding in the case, which I happen to have authored. Mr. Crooks was not *692 stopped on suspicion of driving under the influence when he was weaving in his lane or otherwise driving in a fashion that suggested he was impaired. On the interstate in the middle of the afternoon, one police car pulled in behind Mr. Crooks and another pulled along the driver’s side of his vehicle. When Mr. Crooks moved his car to the right, the officers stopped him for violating section 316.089(1), Florida Statutes (1995), which requires vehicles to be driven “as nearly as practicable entirely within a single lane.” No officer in Crooks suggested that he or she believed that Mr. Crooks might be intoxicated or otherwise impaired.
I do not regard Crooks as even persuasive precedent in a case where an officer stops a car late at night because the driver is weaving in a lane and there is no basis to believe that the driver is avoiding other traffic. Even when a vehicle manages to stay within a single lane, there are patterns of driving that an experienced officer may rely upon to establish reasonable suspicion that the driver is impaired. That suspicion allows the officer to conduct a brief traffic stop to determine whether the officer has probable cause to arrest the driver for DUI.