An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-921

Filed: 1 September 2015

Wake County, No. 12 CRS 208632

STATE OF NORTH CAROLINA,

v.

TERRY LYN PEGRAM, Defendant.

Appeal by defendant from judgment entered 28 February 2014 by Judge Michael R. Morgan and order entered 17 June 2014 by Judge Orlando Hudson in Wake County Superior Court. Heard in the Court of Appeals 5 February 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Teresa M. Postell, for the State.*

> *Robert H. Hale, Jr. & Associates, Attorneys at Law, P.C., by Daniel M. Blau, for defendant-appellant.*

GEER, Judge.

Defendant Terry Lyn Pegram appeals from a judgment entered on his plea of guilty to impaired driving. Defendant's sole argument on appeal is that the trial court erred in denying his motion to suppress evidence obtained during a traffic stop initiated for defendant's failure to stay within his lane of travel in violation of N.C. Gen. Stat. § 20-146(d)(1) (2013). Pointing to the plain language of the statute and cases from other jurisdictions, defendant argues that the trial court's finding that the

officer observed defendant's vehicle cross the fog line, in the absence of a finding that defendant's driving was unsafe or affected traffic, is insufficient to support the conclusion that the officer had reasonable suspicion that defendant committed a traffic violation.

This Court, however, is bound by *State v. Osterhoudt*, 222 N.C. App. 620, 731 S.E.2d 454 (2012), in which this Court declined to consider whether the defendant's driving was safe or affected traffic in holding that the defendant violated N.C. Gen. Stat. § 20-146(d)(1) when his vehicle crossed the double yellow line. Therefore, based on *Osterhoudt*, we hold that the trial court's finding that the officer observed defendant's vehicle cross the fog line is sufficient to support the conclusion that the officer had reasonable suspicion to justify a traffic stop for a violation of N.C. Gen. Stat. § 20-146(d)(1), and we affirm the order.

Facts

On 17 April 2012, at approximately 9:50 p.m., Trooper Matt Cape of the North Carolina State Highway Patrol was operating an unmarked Dodge Charger in the MacGregor Village Shopping Center in Cary, North Carolina. MacGregor Village has several establishments that serve alcohol, and Trooper Cape had received information from Cary Police Officers and citizens about impaired drivers leaving from that location. Trooper Cape observed defendant driving a Cadillac leaving the parking lot and decided to follow him.

Defendant turned right out of the parking lot onto Edinburgh Drive and then stopped in the left turn lane at the intersection of Edinburgh Drive and US Highway 64, where the light was red. Trooper Cape positioned his vehicle behind defendant's. When the light turned green, defendant turned left onto the outer lane of US Highway 64. Shortly after defendant's vehicle began travelling on US Highway 64, Trooper Cape observed the vehicle touch the fog line on the right hand side of the road. Several hundred yards later, Trooper Cape observed the Cadillac's tires cross the fog line by approximately two inches. The Cadillac travelled at or below the 55 mile per hour speed limit and then made a lawful right turn onto Chalon Drive. At that point, Trooper Cape activated his blue lights and initiated a traffic stop. Defendant was subsequently arrested for driving while impaired and issued a citation for failing to maintain his lane in violation of N.C. Gen. Stat. § 20-146(d)(1).

On 14 May 2013, the district court entered judgment on defendant's plea of guilty to impaired driving, and defendant gave notice of appeal to the superior court. On 13 August 2013, defendant filed a motion to suppress that was heard by Judge Orlando Hudson on 23 August 2013 and denied in open court. On 28 February 2014, Judge Michael R. Morgan entered judgment on defendant's plea of guilty to impaired driving. Defendant reserved his right to appeal the denial of his motion to suppress. The trial court sentenced defendant to 30 days imprisonment, suspended the

sentence, and placed defendant on supervised probation for 12 months. Defendant gave oral notice of appeal.

Judge Hudson subsequently entered a written order, on 17 June 2014, denying defendant's motion to suppress. Defendant filed an additional written notice of appeal from that order on 25 June 2014.

Discussion

On appeal, defendant argues that the trial court erred in denying his motion to suppress because the traffic stop constituted an unconstitutional seizure. Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

The Fourth Amendment of the federal constitution protects individuals "against unreasonable searches and seizures." A traffic stop is considered a reasonable seizure if the officer has a reasonable suspicion that the driver of a vehicle has committed a traffic violation. *See State v. Styles*, 362 N.C. 412, 415, 665 S.E.2d

438, 440 (2008). At issue here is whether Officer Cape had reasonable suspicion to believe that defendant had violated N.C. Gen. Stat. § 20-146(d).

In the order denying defendant's motion to suppress, the trial court found, in pertinent part, the following:

> 7. Trooper Cape observed the vehicle touch the fog line shortly after the vehicle began traveling on US Hwy 64.
>
> 8. Several hundred yards later, [Trooper] Cape observed the Cadillac's tires cross the fog line by approximately two inches.
>
> 9. The Cadillac traveled at or below the 55 mile per hour speed limit on US Highway 64.
>
> 10. The Cadillac made a lawful right turn onto Chalon Drive.
>
> 11. Trooper Cape activated his blue lights and effectuated a traffic stop.

Based upon these findings, the trial court concluded that "Trooper Cape had a good faith belief that he had observed a violation of North Carolina General Statute 20-146(d)" and that the "rights of this defendant were not violated by this traffic stop."

N.C. Gen. Stat. § 20-146(d)(1) provides, in relevant part:

> (d) Whenever any street has been divided into two or more clearly marked lanes for traffic, the following rules in addition to all others consistent herewith shall apply.
>
>> (1) A vehicle shall be driven as nearly as practicable entirely within a single

> lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

Defendant argues that under a plain reading of this statute, a driver is permitted to move outside of his lane of travel so long as it is safe for the driver to do so. Therefore, defendant asserts, in order to have reasonable suspicion that a driver has violated this statute, an officer must have reason to believe that the driver's actions are unsafe. In support of this argument, defendant cites to several cases in other jurisdictions interpreting statutes with identical, or nearly identical, language. In each case cited by defendant, the court held that the traffic stop, initiated after the officer observed the defendant's vehicle cross the fog line, was illegal. *See United States v. Freeman*, 209 F.3d 464, 466 (6th Cir. 2000) ("[O]ne isolated incident of a large motor home partially weaving into the emergency lane for a few feet and an instant in time [does not] constitute[] a failure to keep the vehicle within a single lane 'as nearly as practicable.' "); *United States v. Gregory*, 79 F.3d 973, 978 (10th Cir. 1996) ("Since the movement of the vehicle occurred toward the right shoulder, other traffic was in no danger of collision. These facts lead us to conclude that the single occurrence of moving to the right shoulder of the roadway which was observed by [the officer] could not constitute a violation of Utah law and therefore does not warrant the invasion of Fourth Amendment protection."); *State v. Livingston*, 206 Ariz. 145, 148, 75 P.3d 1103, 1106 (Ariz. Ct. App. 2003) ("Under that statute, a driver is required

to remain exclusively in a single lane only 'as nearly as practicable' under the circumstances.  That language demonstrates an express legislative intent to avoid penalizing brief, momentary, and minor deviations outside the marked lines."); *Crooks v. State*, 710 So. 2d 1041, 1043 (Fla. Dist. Ct. App. 1998) ("[A] violation does not occur in isolation, but requires evidence that the driver's conduct created a reasonable safety concern."); *State v. Tague*, 676 N.W.2d 197, 203-04 (Iowa 2004) ("Despite the fact [the defendant's] vehicle just barely crossed the left edge line for a brief period, the State failed to prove by a preponderance of evidence any objective basis to believe [defendant's] movement was done without first ascertaining that he could make such movement with safety."); *Rowe v. State*, 363 Md. 424, 434, 438-39, 769 A.2d 879, 885, 887 (Md. 2001) (noting "more than the integrity of the lane markings, the purpose of the statute is to promote safety on [the] laned roadways" and holding that statute "requir[es] more for violation than a momentary crossing or touching of an edge or lane line"); *State v. Cerny*, 28 S.W.3d 796, 801 (Tex. App. 2000) ("[T]here is no evidence that [the defendant's] actions were unsafe. . . .  [T]he evidence does not support a finding that [the officer] had a reasonable belief that [the defendant] violated [the statute].").

While these cases are persuasive and well-reasoned, we are bound by previous decisions of this Court.  *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).  This Court recently addressed what constitutes a violation of N.C. Gen. Stat.

§ 20-146(d)(1) in *Osterhoudt*, 222 N.C. App. at 628-30, 731 S.E.2d at 459-60. In *Osterhoudt*, the officer initiated a traffic stop after he observed the defendant "make a 'wide right turn' onto Fifth Street whereby half of defendant's car went over the double yellow line into the turning lane for traffic coming in the opposite direction." *Id.* at 622, 731 S.E.2d at 456. The trial court granted the defendant's motion to dismiss, concluding that the stop was unreasonable because " 'it is not a violation of the General Statutes for a vehicle to cross the double yellow line separating the turn lane from the straight lane at this particular intersection while making a right turn so long as the vehicle does not cross the centerpoint of the roadway, and such turn is made in safety and no traffic is affected.' " *Id.* at 624, 731 S.E.2d at 457.

The State appealed, and this Court reversed. Relevant to this case, this Court held that "[w]hen defendant crossed the double yellow line on Fifth Street, he failed to stay in his lane and violated N.C. Gen. Stat. § 20-146(d)(1)." *Id.* at 629, 731 S.E.2d at 460. This Court specifically concluded that the trial court erred in its conclusion that there was no statutory violation when defendant "made the turn safely, and no traffic was affected . . . ." *Id.* at 629-30, 731 S.E.2d at 460. This Court stated flatly that the superior court's conclusion did "not reflect a correct interpretation of applicable legal principles" and was "not an accurate reflection of our traffic laws." *Id.* at 629, 630, 731 S.E.2d at 460. Thus, this Court in *Osterhoudt* expressly rejected

the interpretation of N.C. Gen. Stat. § 20-146(d) argued by defendant and accepted by the jurisdictions cited above.

We are bound by *Osterhoudt*. We, therefore, hold that the trial court's findings that Officer Cape observed defendant's vehicle touch and then cross the fog line are sufficient to support the conclusion that Officer Cape had reasonable suspicion to believe that defendant violated N.C. Gen. Stat. § 20-146(d)(1) for failure to stay in his lane. Because this alone was sufficient to justify the traffic stop, and defendant challenges only whether the initial stop was justified, we need not address the parties' remaining arguments.

AFFIRMED.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).