NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VERNON E. PEEPLES,                      )
                                        )
            Appellant,                  )
                                        )
v.                                      )          Case No. 2D14-1009
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____ )

Opinion filed September 2, 2015.

Appeal from the Circuit Court for Charlotte
County; George C. Richards, Judge.

Kerry E. Mack of The Mack Law Firm,
Englewood, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller,
Assistant Attorney General, Tampa,
for Appellee.


PER CURIAM.

        Vernon Peeples, Jr., appeals his convictions for six drug offenses.  All of

the charges were based on law enforcement's discovery of drugs and paraphernalia

after they stopped Mr. Peeples' automobile for failure to maintain a single lane on a

roadway in violation of section 316.089(1), Florida Statutes (2012).  The State concedes

that the trial court erred in denying Mr. Peeples' motion to suppress because the stop of

his car was unauthorized—law enforcement did not have a reasonable safety concern based on Mr. Peeples' one failure to maintain a single lane that did not endanger the deputies or anyone else.  See Crooks v. State, 710 So. 2d 1041, 1043 (Fla. 2d DCA 1998) ("Section 316.089 is similar to section 316.155, Florida Statutes (1995), governing the use of turn signals, in that a violation does not occur in isolation, but requires evidence that the driver's conduct created a reasonable safety concern."). Accordingly, we reverse Mr. Peeples' convictions and sentences and remand with directions to discharge him.

Reversed and remanded.

ALTENBERND, KELLY, and CRENSHAW, JJ., Concur.