ORFINGER, J.
Following a traffic stop, Dion Renoldo Wilson was arrested and charged with trafficking in a controlled substance and possession of cannabis with intent to sell. Wilson filed a motion to suppress, arguing that law enforcement had no probable cause to conduct a traffic stop for failure to maintain a single lane. In an unelaborated order, the trial court granted the motion and the State now appeals. We reverse.
Deputy Sheriff Jeffrey Payne was the only witness at the suppression hearing. Deputy Payne testified that he was driving westbound on Americana Boulevard, a four-lane highway. He observed a silver SUV about two car lengths ahead of him, also traveling westbound on Americana. The silver SUV then "drifted over the dotted lane divider causing a vehicle to the right of us to ... have to brake" to avoid a collision. Deputy Payne ultimately stopped the silver SUV, which Wilson was driving. Wilson only challenged the probable cause for the traffic stop at the suppression hearing.
When reviewing a suppression order, we give deference to the trial court's historical facts so long as they are supported by competent, substantial evidence, but we review de novo the trial court's application of law to those facts. Patrick v. State, 104 So.3d 1046, 1059 (Fla. 2012). A traffic stop is reasonable and constitutionally valid when "a police officer has probable cause to believe a traffic violation has occurred." Hurd v. State, 958 So.2d 600, 602 (Fla. 4th DCA 2007). In determining whether a traffic stop is constitutional, an objective test is used, asking only whether probable cause for the stop existed and ignoring the officer's subjective motivation or intention. "The test is whether a police officer could have stopped the vehicle for a traffic violation." Id.
The statute, relating to the operation of a vehicle within a single lane, mandates, in pertinent part, that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety." § 316.089(1), Fla. Stat. (2018) (emphasis added). The failure to maintain a single lane alone cannot establish probable cause when the action is done safely. See Jordan v. State, 831 So.2d 1241 (Fla. 5th DCA 2002) (holding that traffic stop was unlawful where arresting officer's testimony failed to establish that defendant's failure to maintain single lane endangered defendant or any other traffic and there was no testimony that defendant was intoxicated or otherwise impaired nor driving erratically). Nevertheless, a stop for failure to maintain a single lane may be justified when the vehicle is being operated in an unusual manner. See Yanes v. State, 877 So.2d 25, 26-27 (Fla. 5th DCA 2004) (finding probable cause to support stop and concluding that where officer observes driver cross fog line on right side of road three times "there was evidence that [driver] deviated from his lane by more than what was *929 practicable," which was "a violation of the statute, irrespective of whether anyone is endangered"); accord Williamson v. Dep't of High. Saf. & Motor Veh., 933 So.2d 665 (Fla. 1st DCA 2006) (holding that evidence supported officer's stop for failing to maintain single lane because record clearly established that defendant put other vehicle in danger whether or not other vehicle's driver knew it). Here, Deputy Payne's uncontradicted testimony was that Wilson drifted from his lane of traffic and an adjacent vehicle had to brake suddenly to avoid a collision. Hence, there was probable cause to stop Wilson's vehicle.
For these reasons, we reverse the suppression order and remand this case for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LAMBERT and SASSO, JJ., concur.