557 So.2d 666 (1990)
STATE of Florida, Appellant,
v.
Larry Earl RUSSELL, Appellee.
No. 89-01938.
District Court of Appeal of Florida, Second District.
February 28, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna A. Provonsha, Asst. Atty. Gen., Tampa, for appellant.
Joseph A. Simpson of Simpson, Henderson, Savage & Carta, Fort Myers, for appellee.
PARKER, Judge.
The State of Florida appeals the trial court's order which granted a motion to suppress marijuana seized from a vehicle after a traffic stop. We reverse.
Officers Gederian and McDonald of the Fort Myers Police Department were on uniformed patrol in a marked patrol car on Interstate 75 (I-75). Accompanying the officers in their patrol car was Thunder, a K-9 narcotic detector dog certified through the United States Police Canine Association in the detection of marijuana, hash, cocaine, and heroin. The officers and Thunder were on I-75 for the purpose of narcotics *667 interdiction through the use of probable cause traffic stops.
As the officers were proceeding south on I-75, a blue van passed them, and both officers noticed that the van's tag light was nonoperational. The officers initiated a traffic stop for this offense. The officers approached the van and asked Larry Earl Russell, who was driving, to step outside the vehicle. The officers advised Russell of the reason for the stop, and then McDonald began writing the ticket for the tag light violation. As McDonald was writing the ticket, Gederian took Thunder out of the patrol car and conducted an exterior sweep of Russell's van. On the first pass of the van, Thunder put his nose into the crack of the driver's side door, sniffed deeply, and continued around the van. After the first sweep of the van was concluded, Gederian took Thunder for a second sweep because Thunder had shown an interest in the van on the first pass. On the second pass of the driver's side door, Thunder stopped, sniffed the door, and began pawing at the door, which was a positive indication for the presence of some type of drug. Using Thunder's alert as probable cause, Gederian opened the door and searched the interior of the van for drugs. Gederian opened the center console between the front seats and observed a clear plastic baggie which contained green plant material that Gederian recognized as marijuana. The officers arrested Russell for possession of a controlled substance.
The trial judge, finding that the traffic stop was a pretext, granted Russell's motion to suppress evidence. We disagree.
The test for determining whether a stop was valid and not a pretextual stop is whether "under the facts and circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose." Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988). In this case, although the officers were primarily concerned with narcotics interdiction, there was evidence of a valid basis for the stop. The officers noticed the traffic violation and had not been looking for a reason to stop this particular person or vehicle. Further, the officers did cite Russell for the tag light violation. See Andrews v. State, 540 So.2d 210 (Fla. 4th DCA 1989) (stop for a nonoperational tag light was a valid stop); see also State v. Renda, 553 So.2d 373 (Fla. 2d DCA 1989) (temporary detention for failing to stop at a stop sign was not an illegal detention); Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989) (stop for speeding and weaving was not an invalid stop). Because the stop and temporary detention were legal, the officers had a right to be where they were when probable cause arose through the dog's indication that Russell possessed drugs.[*] Accordingly, the trial court erred when it granted the motion to suppress evidence.
Reversed and remanded for proceedings consistent with this opinion.
RYDER, A.C.J., and SCHOONOVER, J., concur.
NOTES
[*] A trained narcotics detector dog's positive indication for drugs provides probable cause for arrest or to search. Denton v. State, 524 So.2d 495 (Fla. 2d DCA), review denied, 534 So.2d 398 (Fla. 1988).