625 So.2d 968 (1993)
STATE of Florida, Appellant,
v.
Willie B. POLLARD, Appellee.
No. 93-00751.
District Court of Appeal of Florida, Second District.
October 22, 1993.
*969 Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and Megan Olson, Asst. Public Defender, Bartow, for appellee.
PARKER, Acting Chief Judge.
The state appeals the trial court's order which granted Willie B. Pollard's motion to suppress cocaine, a cocaine pipe, and cannabis. We reverse and conclude that the stop of Pollard's vehicle was valid and that the searches of Pollard's person and vehicle were lawful as incident to an arrest.
The following facts are relevant to this appeal. Officer Hart was on patrol at 3:15 a.m. in a fringe drug area. While stopped at a red light, Hart noticed a car and truck in the side parking lot of a Circle K convenience store. One of two teenage males from the truck was leaning into the window of the driver's (Pollard's) side of the car. Hart observed a hand transaction between Pollard and the teenager, and then the teenager placed something in his pocket. At that time the teenager and Pollard looked up and saw Hart's patrol car. The teenager rapidly got into his car and departed the area. Hart had to make a U-turn to reach the store's parking lot. When he arrived at the parking lot, Pollard's car was at the exit and leaving. Hart activated his emergency lights and stopped Pollard's car after two blocks. Hart observed Pollard reaching down as if to conceal something under his seat. Pollard admitted upon questioning that he did not have a valid Florida driver's license. Hart received a teletype that Pollard's license was suspended and that there were two outstanding warrants against him. Hart arrested Pollard and searched him. Hart found a cocaine pipe in Pollard's pocket. Hart also found marijuana roaches in the vehicle's ashtray and three bags of marijuana under the seat.
Hart testified that when the vehicles were in the parking lot, he observed that Pollard's vehicle's front windshield was smashed and one of the taillights was inoperable. Hart further testified that he has made traffic stops for windshield and taillight problems over a hundred times and that he routinely stops vehicles for those reasons. Hart candidly admitted that he stopped Pollard because he suspected that he had observed a drug transaction.
The trial court found in suppressing the evidence that it was dispositive that Hart acknowledged that he did not stop the vehicle for a traffic violation. We conclude that it was error for the trial court to hold that the stop was invalid based on Hart's subjective reason for making the stop. Subjective intent does not control. Kehoe v. State, 521 So.2d 1094, 1096 (Fla. 1988). See also Moreland v. State, 552 So.2d 937 (Fla. 2d DCA 1989), review denied, 562 So.2d 346 (Fla. 1990). Instead the state must prove that a reasonable officer under the same circumstances would have stopped the vehicle absent an additional invalid purpose. Kehoe, 521 So.2d at 1097. The state carried its burden through Hart's testimony.
Pollard argues that Hart made his decision to stop Pollard before he observed the windshield and taillight problems. There is no support in the record for that statement. Pollard's attorney specifically asked Hart that question, and Hart denied that he had decided to make the stop before he observed the defective conditions on the vehicle.
Once it is determined that the stop was valid, this court must decide whether the search was lawful. As soon as Hart stopped *970 Pollard, he discovered that Pollard did not have a valid Florida driver's license. Shortly thereafter he confirmed that Pollard had outstanding warrants against him. Hart then arrested Pollard. The searches of Pollard's person and vehicle were valid as searches incident to a lawful arrest. See State v. Moore, 619 So.2d 376 (Fla. 2d DCA 1993) (search of vehicle's passenger compartment contemporaneously with lawful arrest); Davis v. State, 602 So.2d 606 (Fla. 2d DCA), review denied, 606 So.2d 1165 (Fla. 1992) (search of person incident to arrest). We, therefore, reverse the order granting the motion to suppress and remand this case for further proceedings consistent with this opinion.
PATTERSON and ALTENBERND, JJ., concur.