666 So.2d 229 (1995)
STATE of Florida, Appellant,
v.
Delores McNEAL, a/k/a Deloris Keys McNeal, Appellee.
No. 95-01988.
District Court of Appeal of Florida, Second District.
December 29, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Assistant Public Defender, Bartow, for Appellee.
PER CURIAM.
The state challenges the trial court's order which granted the motion to suppress filed *230 by the appellee, Delores McNeal, a/k/a Deloris Keys McNeal. We reverse.
The appellee was charged with possession of drug paraphernalia, possession of cocaine, and possession of methamphetamine, in violation of sections 893.147(1) and 893.13(1), Florida Statutes (1993). The appellee filed a motion to suppress the above evidence which was found as a result of the stop of her vehicle for an inoperable tag light.
At the motion to suppress hearing, Officer Collins and Detective Marlowe testified that they were assigned to the Street Narcotics Task Force and were on patrol at 10:00 p.m. the night in question when they observed a vehicle with a tag light out. Detective Marlowe ran a registration check on the tag which showed that the tag belonged on another vehicle. Based on the inoperable tag light and the result of the registration check, the officers decided to pull the vehicle over. Officer Collins testified that it would be uniform practice to stop a vehicle under those circumstances.
There were four occupants in the car and four back-up units later responded to the scene. The driver (appellee) produced paperwork to Officer Collins which showed that although the tag had been legally transferred it had not yet been placed into the computer system. As Officer Collins was discussing the tag situation with the appellee, Detective Marlowe, who was standing on the passenger side of the vehicle, observed that the right rear passenger was hiding a homemade crack cocaine pipe by his feet. That passenger was arrested for possession of paraphernalia, the right front passenger was arrested for outstanding warrants, and the left rear passenger was released at the scene.
As Officer Collins began to issue the appellee a traffic citation for the improper equipment, Detective Birdwell arrived at the scene with a canine which subsequently alerted to the glove box of the vehicle. Pursuant to a search of the glove box, a mirror with residue that tested positive for cocaine and a pill bottle containing a piece of straw and a glass vial with residue that tested positive for methamphetamine were found. The appellee's purse was then searched incident to her arrest. The officer found a homemade rock cocaine pipe that tested positive for cocaine, another pipe, steel wool, and a wire poker which was used for smoking cocaine. The trial court granted the appellee's motion to suppress and found that the stop was pretextual. The state timely filed a notice of appeal.
The state contends that the trial court erred in suppressing the evidence based upon a finding that the stop of the appellee was pretextual. We agree.
The reasonable officer test is applied in determining whether a traffic stop is pretextual and it asks whether the usual police practice would be to effect a stop when confronted with a particular kind of minor infraction. State v. Daniel, 665 So.2d 1040 (Fla. 1995). Subjective intent does not control. State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993). Instead, the state must show that under the facts and the circumstances a reasonable officer would have stopped the vehicle absent an additional invalid purpose. Kehoe v. State, 521 So.2d 1094 (Fla. 1988).
The instant case is similar to State v. Russell, 557 So.2d 666 (Fla. 2d DCA 1990), where two officers were on patrol for the purpose of narcotics interdiction when they stopped a van for a nonoperational tag light. As one officer was writing a ticket for the traffic violation, the other officer conducted an exterior sweep of the van with a canine and as a result marijuana was found in the center console. This court reversed the trial court's finding that the traffic stop was pretextual and found that although the officers were primarily concerned with narcotics interdiction, there was evidence of a valid basis for the stop.
In the instant case, as in Russell, there was also evidence of a valid basis for the stop. However, the trial court noted in its order that while it is true that reasonable patrol officers would have stopped the appellee's car for a minor traffic violation, they would have not done so using five vehicles. We do not find that it was unreasonable for the officers to call for back up since it was late at night, they were in a high crime area, and there were only two officers compared to the four occupants in the appellee's vehicle. *231 Further, the officers had no control over the number of back-up units that arrived at the scene. The trial court's order also stated that reasonable members of the Street Narcotics Task Force would not stop a vehicle for a minor traffic violation unless they believed the stop would further their mission and, therefore, the officers' hunch that the car contained drugs was based on the time of night, the location, and the race of the occupants. However, there was no testimony that the officers stopped the appellee's vehicle because they believed there were drugs in the car. To the contrary, there was testimony that the officers decided to stop the appellee's vehicle upon observing the inoperable tag light and upon discovering that the tag was not assigned to the vehicle. Further, we do not find that race of the vehicle's occupants was a factor since there were two blacks and two whites.
We find that the state carried its burden through Officer Collins' testimony that it would be uniform practice for him to stop a vehicle with an inoperable tag light and with a tag that appeared not to be assigned to it. Accordingly, the trial court erred in granting the motion to suppress the evidence.
Reversed and remanded.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.