HARRIS, J.
In this case, an officer observed Dobrin driving a truck going very fast (approximately 50 miles per hour) and drifting to the right and correcting himself in a quick manner on several occasions. The officer pulled Dobrin over and ticketed him for failure to maintain a single lane. During this procedure, the officer noticed Dobrin’s bloodshot eyes and detected the odor of alcohol on his breath. He conducted a field sobriety test which Dobrin failed. Because Dobrin refused to take a breath test, the Department suspended his license. The circuit trial court granted cer-tiorari and quashed the suspension order. The State seeks certiorari before this court and we grant it.
The reason given for the circuit trial court’s action was that the arrest affidavit did not specifically allege that Dobrin crossed either line of the traffic lane and further failed to allege the posted speed limit of the street at the point where the officer observed the “fast” speed. The court refused to consider an alternative basis for the stop stating: “This court finds that it cannot uphold the stop on a basis of what the officer could have done, rather it must only analyze what in fact the officer did and why he did it.” Here, the court applied the wrong law. The issue is not why this particular officer conducted the traffic stop; the question should be whether the established facts would have caused a reasonable officer under the same circumstances to make the stop. See State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993); see also State v. McNeal, 666 So.2d 229 (Fla. 2d DCA 1995). In other words, would it be unreasonable for an officer who observed one driving a truck at a high rate of speed and unable to maintain a straight course to pull the driver over to check the safety of the vehicle, the health of the driver or the capacity of the driver?
Because we believe the court below applied the wrong law, we grant certiorari *923 and quash the circuit trial court’s order quashing the suspension.
PETITION GRANTED.
PETERSON, J., concurs.
GRIFFIN, J., dissents, without opinion.