874 So.2d 1171 (2004)
Martin Matthew DOBRIN, Petitioner,
v.
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. SC02-2540.
Supreme Court of Florida.
February 19, 2004.
Rehearing Denied May 27, 2004.
Flem K. Whited, III, David D. Fuller, Jr., and David H. Foxman of Whited, Fuller, Miller & Foxman, Daytona Beach, FL, for Petitioner.
Enoch J. Whitney, General Counsel and Judson M. Chapman, Assistant General Counsel, Tallahassee, FL; and Heather Rose Cramer, Assistant General Counsel, Lake Worth, FL, for Respondent.
*1172 WELLS, J.
We have for review Department of Highway Safety & Motor Vehicles v. Dobrin, 829 So.2d 922 (Fla. 5th DCA 2002), which expressly and directly conflicts with our decision in Holland v. State, 696 So.2d 757 (Fla.1997). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS
The evidence presented in this case consists only of the necessary paperwork reported by the officer as a result of the traffic stop. These documents reveal the following facts. An officer observed petitioner Martin Matthew Dobrin (Dobrin) driving his truck at a high rate of speed (estimated by the officer at fifty miles per hour) and drifting to the right and correcting himself in a quick manner on several occasions. The officer pulled Dobrin over and ticketed him for failure to maintain a single lane. During this procedure, the officer noticed that Dobrin's eyes were bloodshot and that his breath smelled of alcohol. The officer conducted a field sobriety test, which Dobrin failed. The officer then arrested Dobrin for driving under the influence (DUI) and read Dobrin the implied consent warning. Dobrin refused to take a breath test, and as a result, respondent Department of Highway Safety and Motor Vehicles (Department) suspended Dobrin's license.
At the formal administrative review of Dobrin's license suspension, Dobrin challenged the validity of the traffic stop, arguing that the officer failed to specify in his arrest report that Dobrin had actually gone beyond a single lane. Dobrin claimed that the failure to include this information in the arrest report indicated that the officer did not have probable cause for the traffic stop. The hearing officer rejected without elaboration Dobrin's argument in respect to the probable cause for the traffic stop, concluding that the officer did have probable cause to believe that Dobrin was driving under the influence, that Dobrin was lawfully arrested, and that Dobrin refused the breath test after being informed that refusal to submit to the breath test would result in license suspension. Thus, the hearing officer suspended Dobrin's license.
Dobrin thereafter filed a petition for writ of certiorari in the circuit court. The circuit court granted Dobrin's petition and quashed the hearing officer's order of license suspension, finding that the facts observed by the officer and contained in the officer's arrest report did not provide probable cause to stop Dobrin's vehicle for failure to maintain a single lane. The circuit court further rejected the Department's argument that the officer would have been justified in stopping Dobrin for speeding, reasoning that it could not uphold the stop on the basis of what the officer could have done because the arrest report stated that the only reason for stopping Dobrin was the failure to maintain a single lane. The arrest report did not provide that the officer initiated the traffic stop because Dobrin was speeding, nor did it provide what the speed limit was for that section of road on which Dobrin was traveling. Finally, the court rejected the Department's argument that the officer was justified in stopping Dobrin to determine whether he was ill, tired, or driving under the influence because the arrest report did not indicate that impairment was the reason for the stop. Dobrin v. Dep't of Highway Safety & Motor Vehicles, No.2001-32341-CICI (Fla. 7th Cir. Ct. order filed Mar. 8, 2002).
The Department thereafter filed a petition for writ of certiorari in the Fifth District Court of Appeal. The Fifth District granted the petition and quashed the circuit court's decision, providing as follows:
The reason given for the circuit trial court's action was that the arrest affidavit *1173 did not specifically allege that Dobrin crossed either line of the traffic lane and further failed to allege the posted speed limit of the street at the point where the officer observed the "fast" speed. The court refused to consider an alternative basis for the stop stating: "This court finds that it cannot uphold the stop on a basis of what the officer could have done, rather it must only analyze what in fact the officer did and why he did it." Here, the court applied the wrong law. The issue is not why this particular officer conducted the traffic stop; the question should be whether the established facts would have caused a reasonable officer under the same circumstances to make the stop. See State v. Pollard, 625 So.2d 968 (Fla. 2d DCA 1993); see also State v. McNeal, 666 So.2d 229 (Fla. 2d DCA 1995). In other words, would it be unreasonable for an officer who observed one driving a truck at a high rate of speed and unable to maintain a straight course to pull a driver over to check the safety of the vehicle, the health of the driver or the capacity of the driver?
Because we believe the court below applied the wrong law, we grant certiorari and quash the circuit trial court's order quashing the suspension. Dep't of Highway Safety & Motor Vehicles v. Dobrin, 829 So.2d 922, 922-23 (Fla. 5th DCA 2002).
We granted review on the basis of conflict with our decision in Holland v. State, 696 So.2d 757 (Fla.1997).

ANALYSIS
The sole issue before this Court is whether the Fifth District, in its decision below, applied a standard that was in conflict with a decision from this Court. We hold that it did. We again expressly note that the factual record in this case was limited to the written arrest report. No witness testimony or other evidence was considered by the hearing officer. Our holding is simply that the standard to be applied to the facts reflected in the arrest report in determining whether there was a reasonable basis to stop Dobrin for the failure to maintain a single lane is the objective test set forth in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), and Holland. For the following reasons, we quash the Fifth District's decision in this case and direct reinstatement of the circuit court's order.
It is well established that the Fourth Amendment's prohibition of unreasonable searches and seizures includes investigatory stops of automobiles. United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). An examination of the validity of a traffic stop under the Fourth Amendment thus requires courts to determine whether the stop was reasonable. Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), the United States Supreme Court held that the constitutional reasonableness of a traffic stop under the Fourth Amendment does not depend on the actual, subjective motivations of the individual officers involved in conducting the stop. The only concern under the Fourth Amendment is the validity of the basis asserted by the officer involved in the stop. The Court thus rejected a consideration of whether a reasonable officer under similar circumstances would have initiated the traffic stop, noting that it seems "easier to figure out the intent of an individual officer than to plumb the collective consciousness of law enforcement in order to determine whether a `reasonable officer' would have been moved to act upon the traffic violation." Id. at 815, 116 S.Ct. 1769.
*1174 In Holland, this Court adopted the objective test as set forth by the United States Supreme Court in Whren. We found this to be required by article I, section 12 of the Florida Constitution.[1] In so holding, we receded from our decision in State v. Daniel, 665 So.2d 1040 (Fla. 1995), in which we rejected a strict objective test in favor of the reasonable officer test. In Daniel, we had characterized the reasonable officer test as "whether the usual police practice would be to effect a stop when confronted with a particular kind of minor infraction." Id. at 1043. This was also the test applied by the Second District in Pollard and McNeal, the cases relied upon by the Fifth District in the instant case. See State v. Pollard 625 So.2d 968, 969 (Fla. 2d DCA 1993) (relying on reasonable officer test as set forth in Kehoe v. State, 521 So.2d 1094 (Fla.1988), which was upheld by this Court in Daniel); State v. McNeal, 666 So.2d 229, 230 (Fla. 2d DCA 1995) (applying reasonable officer test and considering whether usual police practice would be to effect a stop when confronted with the traffic infraction).
By considering whether a reasonable officer would have stopped Dobrin based upon what was set forth in the arrest report, the Fifth District in this case applied the principle of law from which this Court receded in Holland. The correct test to be applied is whether the particular officer who initiated the traffic stop had an objectively reasonable basis for making the stop. We direct reinstatement of the circuit court's order because we read the circuit court's order to have applied the objective test.
On certiorari review, the circuit court was charged with the duty of determining whether competent, substantial evidence existed to support the traffic stop in this case. See Educ. Dev. Ctr., Inc. v. City of W. Palm Beach Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989); City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982). The only record evidence from which to make this determination was the arrest report that the officer filed as a result of this traffic stop. From this limited evidence, the circuit court concluded that (1) the record did not competently or substantially support the officer's stop of Dobrin's vehicle on the basis of the failure to maintain a single lane because the facts contained in the arrest report did not state any evidence that Dobrin went beyond a single lane; (2) the record did not competently or substantially support the officer's stop of Dobrin's vehicle on the basis of speeding because there was no indication in the arrest report that Dobrin was driving in excess of the speed limit, or that the reason for the officer's stop was speeding; and (3) the record did not competently or substantially support the officer's stop of Dobrin's vehicle to determine whether Dobrin was ill, tired, or driving under the influence because the arrest report did not indicate that the reason for the stop was that officer thought Dobrin was impaired.
As the United States Supreme Court held in Whren, the validity of a traffic stop is determined by considering whether the officer who stopped the vehicle had an objective basis to do so, not whether it *1175 would be standard police practice to stop the vehicle. Whren v. United States, 517 U.S. at 814, 116 S.Ct. 1769. The circuit court in this case applied the correct law by considering whether the facts contained in the arrest report provided an objective basis to stop Dobrin's vehicle for failure to maintain a single lane.
Accordingly, we quash the district court's decision in this case. Because the circuit court applied the proper test under Holland in reviewing the administrative agency's decision, we direct the reinstatement of the circuit court's order quashing Dobrin's license suspension.
It is so ordered.
PARIENTE, LEWIS, QUINCE, and BELL, JJ., concur.
CANTERO, J., concurs in part and dissents in part with an opinion.
ANSTEAD, C.J., recused.
CANTERO, J., concurring in part and dissenting in part.
I agree with the majority that the district court, by failing to apply Holland v. State, 696 So.2d 757 (Fla.1997), applied the wrong law. Unlike the majority, however, I believe that the circuit court, too, applied the wrong law. I would remand to the district court to reconsider the case in light of Holland.
Our decision in Holland applied the then-recent decision of the United States Supreme Court in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). In that case, the Supreme Court held that the constitutional reasonableness of a traffic stop does not depend on the motivations of the individual officers involved. Instead, the Court applied a simple objective test based on the common law rule that probable cause justifies a search and seizure. Id. at 813, 819, 116 S.Ct. 1769. The question is not what the officer did and why he did it, or even what a "reasonable officer" would have done. As we stated in Holland, applying Whren, "When applying the objective test, generally the only determination to be made is whether probable cause existed for the stop in question." 696 So.2d at 759.
The majority is correct that the district court in this case failed to apply that standard. Instead, it analyzed "whether the established facts would have caused a reasonable officer under the same circumstances to make the stop." Dep't of Highway Safety & Motor Vehicles v. Dobrin, 829 So.2d 922, 922 (Fla. 5th DCA 2002). This Court articulated the reasonable officer standard in 1995, before the Supreme Court decided Whren. See State v. Daniel, 665 So.2d 1040, 1046 (Fla.1995). In Holland, we acknowledged that Whren rejected that standard in favor of a strict objective test.
Nevertheless, at least the district court attempted to apply some type of objective test, and I am not sure the test it applied differs much from the strict objective test. Whether a reasonable officer under the same circumstances would make the stop is not much different from whether probable cause existed for the stop: by definition, a reasonable officer would only stop a vehicle when probable cause exists. I can envision no circumstances where the result will depend on which objective test is used.
On the other hand, the circuit court rejected an objective test altogether. As the district court noted, the circuit court used a much different analysis. As quoted in the district court's opinion, it stated the issue as follows: "This court finds that it *1176 cannot uphold the stop on a basis of what the officer could have done, rather it must only analyze what in fact the officer did and why he did it." 829 So.2d at 922 (emphasis added). This is a subjective test.
Therefore, I do not agree that the circuit court applied the proper test and would not reinstate that order. Instead, I would remand to the district court for application of the correct standard as stated in Holland.
NOTES
[1] As amended in 1982, section 12 provides that "[t]his right shall be construed in conformity with the 4th Amendment to the United States Constitution as interpreted by the United States Supreme Court."