WELLS, Judge.
Petitioner, Adam Schwartz, seeks certio-rari review of an order from the Appellate Division of the Circuit Court refusing to quash an administrative order revoking Schwartz’ driver’s license. We deny cer-tiorari. We do observe, however, that the portion of the Circuit Court’s opinion holding that an administrative hearing officer has no authority to determine the validity of a traffic stop leading up to a DUI arrest is incorrect. See City of Miami v. Berman, 129 So.2d 445 (Fla.App.1961).
The facts in this case are undisputed. Schwartz was stopped at 12:04 a.m. at 17th Street and Washington Avenue on Miami Beach after a Miami Beach police officer observed Schwartz “driving [a] 2003 Mercedez Benz SL 500 convertible ... top down ... on Collins Avenue to 17th St then west playing his car stereo at excessive volume in violation of FSS.” After Schwartz was stopped, the officer noticed that Schwartz’ face was flushed, his eyes were bloodshot, his speech was slurred, and his breath smelled of alcohol. The officer summoned a fellow officer to conduct a field sobriety test; Schwartz performed poorly. Schwartz was then arrested for DUI but, after being read the Implied Consent Warning, refused to take a breathalyzer test, resulting in an automatic suspension of his driver’s license. See § 316.1932(l)(a), Fla. Stat. (2004) (“failure to submit to any lawful [breath test] will result in the suspension of the ... privilege to operate a motor vehicle”).
*665 Schwartz pursued formal administrative review of the suspension before the Department of Highway Safety & Motor Vehicles arguing solely that the officer’s arrest affidavit (quoted above) did not demonstrate that the initial stop was valid. The hearing officer rejected this argument and concluded that the traffic stop was supported by probable cause, stating:
Objection by counsel/no Probable cause/or citation issued for loud music. Case law [provided by Schwartz] read and considered. The arrest affidavit plainly stated the reason for the stop “excessive stereo volume[.]” No citation required to be issued. The objection is over-ruled and the suspension is sustained.
Schwartz then sought certiorari review in the Appellate Division of the Circuit Court arguing that there was no competent, substantial evidence to support the hearing officer’s determination that the stop was lawful because the arrest affidavit did not detail sufficient facts demonstrating probable cause to stop Schwartz’ car. The Circuit Court denied certiorari[1] concluding that a driver may not challenge the legality of an initial stop in an administrative license suspension proceeding.
Section 322.2615 (7)(b) of the Florida Statutes (2004) expressly states that during a formal review of a license suspension, the hearing officer must determine “whether the person was placed under lawful arrest for a violation of s. 316.193 [Florida’s DUI statute].” This provision “contemplates that issues relating to the lawfulness of the stop ... will be resolved under the issue concerning the lawfulness of the arrest.” State, Dept. of Highway Safety and Motor Vehicles v. DeShong, 603 So.2d 1349, 1351 (Fla. 2d DCA 1992) (emphasis added); Dobrin v. Florida Dept. of Highway Safety and Motor Vehicles, 874 So.2d 1171, 1174 (Fla.2004) (an administrative DUI license suspension proceeding in which the Court enunciated the test to be applied in determining whether probable cause exists to support a traffic stop). The Circuit Court’s observation that the validity of a stop which ultimately leads to a DUI arrest cannot be challenged in a section 322.2615(7)(b) administrative license suspension proceeding, was therefore incorrect.
However, the order on appeal confirms that the hearing officer actually considered and ruled on the propriety of the stop. Because the hearing officer applied the test enunciated by the Florida Supreme Court in Dobrin for determining whether probable cause exists to support a stop,[2] and because the Circuit Court correctly concluded that the administrative hearing officer’s findings were supported by competent, substantial evidence, certiorari is denied.

. Judge Jimenez dissenting.

. Dobrin, 874 So.2d at 1174 (holding that the "correct test to be applied [in determining whether probable cause exists to support a traffic stop] is whether the particular officer who initiated the traffic stop had an objectively reasonable basis for making the stop”); State v. Rodriguez, 904 So.2d 594, 598 (Fla. 5th DCA 2005)(observing “the validity of a traffic stop is determined by considering whether the officer who stopped the vehicle had an objective reason for stopping the vehicle”).