930 So.2d 698 (2006)
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Ralph Lee UTLEY, Respondent.
No. 1D05-3297.
District Court of Appeal of Florida, First District.
April 24, 2006.
Rehearing Denied June 7, 2006.
Enoch J. Whitney, General Counsel, and Bryan Thomas Pugh, Assistant General Counsel, Tallahassee, for Petitioner.
David M. Robbins, Esquire, and Susan Z. Cohen, Esquire, Epstein & Robbins, Jacksonville, for Respondent.
PER CURIAM.
The petition for writ of certiorari is denied on the merits.
WEBSTER and POLSTON, JJ., CONCUR; HAWKES, J., concurs with opinion.
HAWKES, J., concurring.
The constitutional validity of a traffic stop depends upon purely objective criteria. See Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774 135 L.Ed.2d 89 (1996). The subjective knowledge, motivation or intention of the individual officers involved is irrelevant. See id. Under any other standard, application of the Fourth Amendment would vary from citizen to citizen, depending upon the officer's knowledge or experience. Consequently, the subjective knowledge or intent of an individual officer can never invalidate otherwise objectively justifiable police conduct under the Fourth Amendment. See id. 517 U.S. at 812, 116 S.Ct. at 1774. "[T]he Fourth Amendment's concern with `reasonableness' allows certain action to be taken in certain circumstances, whatever the subjective intent." Id. 517 U.S. at 814, 116 S.Ct. at 1775 (emphasis in original).
The objective test "asks only whether any probable cause for the stop existed." Holland v. State, 696 So.2d 757, 759 (Fla. 1997); see also Dobrin v. Dep't of Highway Safety & Motor Vehicles, 874 So.2d 1171 (Fla.2004) (holding trial court applied correct law by considering whether facts contained in arrest report provided an objective basis for vehicle stop, regardless of the officer's stated reason for the stop). If the facts contained in the arrest report provide any objective basis to justify the stop, even if it is not the same basis stated by the officer, the stop is constitutional. See State v. Perez-Garcia, 917 So.2d 894 (Fla. 3d DCA 2005). In Perez-Garcia, the police officer initiated a traffic stop because he mistakenly thought the defendant's missing left taillight was illegal. When the defendant challenged the stop, it was determined the vehicle had the legally required number of taillights. However, the Third District, applying the Whren test, held the traffic stop was constitutional because, even though the officer's subjective reason for initiating the stop was erroneous, the facts contained in the arrest report provided an objective basis to support probable cause to initiate the stop for a reason not known by the officer, i.e., that the vehicle lacked equipment in proper working condition.
Here, when granting Respondent's petition for writ of certiorari, the circuit court appeared to misapprehend the Florida Supreme Court's Dobrin decision. Dobrin involved a traffic stop for failure to maintain a single lane. See Dobrin, 874 So.2d *699 at 1172. The officer's report, which was the only evidence before the fact finder, indicated the officer observed Dobrin driving at a high rate of speed (estimated at fifty miles per hour) drifting to the right and quickly correcting on several occasions. See id. When the officer stopped Dobrin, he observed his eyes were bloodshot and his breath smelled of alcohol. After Dobrin failed a field sobriety test, the officer arrested him for driving under the influence and, as a result of his refusal to take a breath test, the Department of Highway Safety and Motor Vehicles suspended his license. An administrative hearing officer upheld the suspension.
Dobrin subsequently challenged the validity of the stop, arguing the officer failed to specify in his arrest report that Dobrin had actually gone beyond a single lane. See id. The circuit court, in its appellate capacity, granted Dobrin's petition for writ of certiorari, finding the facts observed by the officer and contained in the arrest report did not provide probable cause to stop Dobrin for failure to maintain a single lane. See id. In upholding the circuit court's decision, the Florida Supreme Court reiterated the proper test to determine if the stop was reasonable was whether there was an objectively reasonable basis for the officer to initiate the stop. See id. at 1174. The Dobrin court concluded the circuit court applied the correct law by considering "whether the facts contained in the arrest report provided an objective basis to stop Dobrin's vehicle for failure to maintain a single lane." See id. at 1175. This was so, because the officer's report was the only evidence before the fact finder, and the facts contained in the report did not provide an objective basis to support probable cause to initiate a stop for the stated reason, or a reason other than that given by the officer.
However, in the case at bar, it appears the circuit court construed this language to mean the facts contained in the officer's report could be evaluated only to determine whether they provided probable cause to support the officer's subjective reason for initiating the stop. The circuit court is incorrect. Because that is not the test established by Whren, it cannot be the holding in Dobrin, despite its somewhat ambiguous wording. The Florida Constitution expressly provides that State search and seizure protections "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court." Art. I, § 12 Fla. Const.; see also Oregon v. Hass, 420 U.S. 714, 719, 95 S.Ct. 1215, 1219, 43 L.Ed.2d 570 (1975) (noting "a State is free as a matter of its own law to impose greater restrictions [on] police activity than those this Court holds to be necessary upon federal constitutional standards," it "may not impose such greater restrictions as a matter of federal constitutional law when this Court specifically refrains from imposing them."). Consequently, because of article I, section 12, of the Florida Constitution, Florida cases cannot be construed in such a way as to conflict with, or create any greater burden than that established by the United States Supreme Court's holding on this issue.
Here, the circuit court's reason for granting Respondent's petition for writ of certiorari was that the officer's report, which indicated the officer's subjective motivation for initiating the stop (failure to maintain a single lane) was not supported by competent, substantial evidence. The court concluded that, since the evidence did not support a stop for the reasons stated by the officer, the stop could not be justified for any reason.
In reaching its conclusion, the court noted that, had the officer's report indicated *700 he stopped the vehicle because he suspected Respondent was driving under the influence, or was ill, tired, or in distress, the facts contained in the report would have justified the stop. Thus, the trial court used a subjective, rather than an objective standard to determine the constitutional reasonableness of the stop. Because the United States Supreme Court rejected this reasoning in Whren, we must reject it here.
Clearly, the circuit court applied the wrong law. However, we are compelled to deny the petition for writ of certiorari, because Petitioners did not raise this argument before the circuit court, or in their petition for writ of certiorari. Since we are precluded from reversing for reasons not raised, the petition for writ of certiorari must be denied.