WELLS, Judge.
Petitioner, the Department of Highway Safety and Motor Vehicles, seeks certiora-ri review of an order from the Appellate Division of the Circuit Court quashing an administrative order suspending respondent Stephen Jones’s driver’s license. Because the court below applied the wrong law, we grant certiorari and quash the circuit court’s order.
At 1:03 a.m. on the morning of April 23, 2005, Trooper Burgos of the Florida Highway Patrol, while on routine patrol in Monroe County, noticed a white pick up truck traveling northbound ahead of him on State Road 5 having difficulty remaining in the northbound lane. Over the next mile, Officer Burgos saw the pick up truck, driven by Jones, “travel across the broken yellow line into the [oncoming] southbound lane,” and then swerve back into the northbound lane to negotiate a curve. The officer saw the pick up truck continue to swerve and again travel “left of the center [of the roadway] onto the southbound lane.” Based on these observations, Jones was stopped. Upon approaching the driver’s door, Officer Burgos noticed that Jones’s face was flushed, his eyes were watery, his speech was slurred, and that he smelled of alcohol. The officer also *534 noted that when Jones got out of the truck, he had to grab onto the truck to steady himself.
Jones failed to satisfactorily perforin field sobriety tests and refused to submit to a breath test (after implied consent warnings were given and he was advised of the consequences of refusal). He was arrested for driving under the influence in violation of section 316.193(1) and his driving privileges were suspended. See § 316.1932(l)(a), Fla. Stat. (2005) (“failure to submit to any lawful [breath test] will result in the suspension of the ... privilege to operate a motor vehicle”).
Officer Burgos’s arrest report detailing these events stated that he advised Jones that the reason for the stop “was for failure to drive within a single lane prior to the curve and after the curve.”
Jones challenged the license suspension in an administrative proceeding before the Department of Highway Safety & Motor Vehicles arguing lack of probable cause to support the initial traffic stop. The hearing officer sustained the suspension. Relying on Dobrin v. Dep’t of Highway Safety & Motor Vehicles, 874 So.2d 1171 (Fla.2004), the Appellate Division of the Circuit Court quashed the hearing officer’s determination, first noting that the officer’s report failed to “include a statement that [the officer] believed [Jones] was speeding or impaired,” then concluding that failure to maintain a single lane standing alone did not establish probable cause to support a traffic stop under section 316.089 of the Florida Statutes.[1] The circuit court also concluded that absent evidence that crossing the center line created “even the slightest risk” to others, no basis existed to support the stop. These determinations apply the wrong law.
The constitutional validity of a traffic stop depends on purely objective criteria. Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); see Department of Highway Safety and Motor Vehicles v. Utley, 930 So.2d 698 (Fla. 1st DCA 2006) (Hawkes, J., concurring). This objective test “asks only whether any probable cause for the stop existed” making the subjective knowledge, motivation, or intention of the individual officer involved wholly irrelevant. Holland v. State, 696 So.2d 757, 759 (Fla.1997); Dobrin, 874 So.2d at 1173. If, therefore, “the facts contained in the arrest report provide any objective basis to justify the stop, even if it is not the same basis stated by the officer, the stop is constitutional.” Utley, 930 So.2d at 698, 2006 WL 1058202 at *2 (citing State v. Perez-Garcia, 917 So.2d 894 (Fla. 3d DCA 2005) (concluding that even though an officer’s subjective reason for initiating a stop was not supported by the facts detailed in an arrest report, the facts detailed provided an objective basis to support probable cause for a reason not known by the officer)).
Here, Officer Burgos observed Jones driving into the lane designated for oncoming traffic for no apparent reason. This was a violation of section 316.081 of the Florida Statutes which requires only that “a vehicle shall be driven upon the right half of the roadway” except when passing another vehicle, when avoiding an obstruction, when the roadway is divided into three lanes, or when the roadway is designated for one-way traffic. The arrest re *535 port clearly detailed this behavior and provided probable cause for the stop.
The circuit court applied a subjective test when it concluded that the officer’s report failed to detail facts to support the officer’s subjective reason for stopping Jones, that is, that Jones had failed to drive within a single lane. By concluding that the facts detailed in Officer Burgos’s report regarding Jones’s deviation from a single lane did not support a stop for violation of section 316.089 of the Florida Statutes, the circuit court applied the wrong law.
Moreover, failure to maintain a single lane alone, can under appropriate circumstances, establish probable cause. See Roberts v. State, 732 So.2d 1127, 1128 (Fla. 4th DCA 1999) (weaving several times within a single lane held sufficient to justify a stop where there was no evidence to show endangerment to others and where no traffic violation had occurred); see also Ndow v. State, 864 So.2d 1248, 1250 (Fla. 5th DCA 2004) (“If a police officer observes a motor vehicle operating in an unusual manner, there may be justification for a stop even when there is no violation of vehicular regulations and no citation is issued.”).[2] And there is no requirement that operation of a vehicle create a risk to others to support a valid stop for failure to maintain a single lane. See Yanes v. State, 877 So.2d 25, 26-7 (Fla. 5th DCA 2004) (finding probable cause to support a stop and concluding that where an officer observes a driver cross the white line on the right side of the road three times “there was evidence that [the driver] deviated from his lane by more than what was practicable. To do so is a violation of the statute, irrespective of whether anyone is endangered”); see also Bailey v. State, 319 So.2d 22, 26 (Fla.1975) (observing that “[b]ecause of the dangers inherent to our modern vehicular mode of life, there may be justification for stopping a vehicle by a patrolman to determine the reason for its unusual operation”).
In sum, applying the correct law it is clear that the officer who stopped Jones had “an objectively reasonable basis for making the stop.” Dobrin, 874 So.2d at 1174. Thus, the Department correctly determined that Jones was lawfully arrested. Because the circuit court failed to apply the correct law when it quashed the Department’s order, we grant the petition sought by the Department, and quash the order of the circuit court.

. Section 316.089, Florida Statutes (2005), in pertinent part provides:
Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.

. The circuit court's reliance on Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998), and Jordan v. State, 831 So.2d 1241 (Fla. 5th DCA 2002), to support its conclusion that failure to maintain a single lane alone cannot establish probable cause, is misplaced. Crooks involved a traffic stop for violation of section 316.089: premised on officers observations that Crooks had crossed from the right-hand lane into the shoulder or emergency lane to move away from a Highway Trooper intentionally traveling beside him in the left hand lane (while another Trooper followed behind). The court in that case found no probable cause to support a stop for violation of section 316.089(1) because the record did not establish how far into the right-hand lane Crooks drove and thus provided no basis for determining whether he was remaining “as nearly as practicable entirely within a single lane” as required by section 316.089; and (2) because there was no evidence that it was not reasonably safe for him to move into the emergency lane in violation of section 316.089. In short, the court correctly determined that the facts provided no objective basis whatsoever for the stop.
Jordan similarly turned on a determination that the officer's observations provided no objective basis to support probable cause to initiate a stop either for the reasons stated, that is violation of section 316.089 or for any reason other than that given by the officer.