PALMER, J.
The State appeals the trial court’s order granting KM.H.’s motion to suppress. Concluding that the trial court applied the wrong legal standard in granting KM.H.’s motion, we reverse.
K.M.H. was arrested after the car in which she was riding as a passenger was stopped by the police for an alleged traffic code violation. K.M.H. was arrested because, during the stop, the police officer detected the odor of burning cannabis *771 emanating from the vehicle and, as a result, K.M.H. was searched and cannabis was discovered. K.M.H. was subsequently charged with possession of cannabis in an amount not more than 20 grams.[1]
K.M.H. filed a motion to suppress the cannabis claiming that it was obtained as the result of an unlawful search and seizure. A hearing was held on K.M.H.’s motion.
At the hearing, Wendell Bradford, the arresting police officer, testified concerning the circumstances preceding the stop of KM.H.’s vehicle. He stated that the incident began when he was on patrol in his police car and he observed a Mazda pass him and come to a stop at a traffic-light. Bradford testified that he noticed that the rear vent window on the Mazda was knocked out. While Bradford was looking back at the vehicle, he observed the driver of the car open the driver’s side door, lean out, and throw something underneath the car. Bradford stated that it was a violation of the traffic code to open a car door in traffic. Bradford also testified that it was a violation of the traffic code to throw fitter outside the vehicle. Bradford stated that he made a U-turn, got behind the Mazda, and did a computer check on the vehicle’s tag number. The computer check revealed that the vehicle was not stolen; however, based on his observation that the driver had violated the traffic code by littering and opening his door in traffic, Bradford decided to perform a traffic stop. When he approached the vehicle, Bradford smelled burning cannabis and observed a small amount of green leafy substance on the driver’s lower body, his leg area, and the seat area. Bradford also observed a green leafy substance on K.M.H.’s pants and on her car seat. K.M.H. was searched and ultimately arrested for possession of cannabis.
Upon consideration of the testimony presented at the hearing, the trial court concluded that suppression of the cannabis was warranted because there was no probable cause to support Bradford’s decision to turn around and come up behind the Mazda. The State challenges the trial court’s ruling, arguing that the trial court applied the wrong legal standard. We agree.
The correct test to be applied when determining the validity of a traffic stop is whether the particular officer who initiated the stop possessed an objectively reasonable basis for making the stop. Dobrin v. Florida Dept. of Highway Safety and Motor Vehicles, 874 So.2d 1171 (Fla.2004). Here, the trial court failed to apply the proper legal standard in determining whether Bradford possessed an objectively reasonable suspicion to stop the Mazda, ruling instead on whether the officer had a legal basis to follow the vehicle.
Accordingly, we reverse the trial court’s order granting KM.H.’s motion to suppress and remand this matter to the trial court for reconsideration of whether Bradford possessed an objectively reasonable basis for making the traffic stop.
REVERSED and REMANDED.
GRIFFIN and EVANDER, JJ„ concur.

. See §§ 893.03(l)(c)7, 893.13(6)(a), (b), Fla. Stat. (2004).